

**ORDERED in the Southern District of Florida on May 1, 2020.**



Erik P. Kimball, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

**TOOJAY'S MANAGEMENT LLC,** *et al.***,**

        Debtors.

_____/

Case No. 20-14792-EPK

Chapter 11
**(Jointly Administered)**

### ADMINISTRATIVE ORDER REGARDING HEARINGS BY VIDEO CONFERENCE

This Order sets forth the Court's procedure when the Court sets a hearing by video conference in this case. This Order applies only when it is specifically incorporated by reference in a notice of hearing generated by the Court or in an order entered by the Court.

To expedite and facilitate the hearing of those matters set for hearing by video conference, including presentation of evidence, the Court ORDERS as follows:

1. **SERVICE OF THIS ORDER**. The party obligated to serve a notice of hearing or order setting hearing with regard to a matter set for hearing by video conference shall include a copy of this Order with such notice of hearing and file a certificate of service as required by this Court's local rules. A certificate of service referencing both the notice of hearing or order setting hearing and also this Order is sufficient.

2. **VIDEO CONFERENCE**.  The Court is closed to in-person hearings as a result of the dangers presented by the COVID-19 pandemic.  The hearing will take place by video conference using the services of Zoom Video Communications, Inc.  The Court will provide a password-protected link for the appropriate Zoom video conference to those approved persons who have submitted to the Court a notice of intent to participate in accordance with paragraph 3, below.  All approved participants shall conduct a pre-hearing test of Zoom using the same equipment that they intend to use during the hearing.

3. **PRIOR NOTICE OF INTENT TO PARTICIPATE; LIMIT ON PARTICIPATION BY VIDEO; TELEPHONE PARTICIPATION**.  All persons wishing to participate in the hearing by video conference shall provide notice to **Dawn_Leonard@flsb.uscourts.gov** via electronic mail no later than **3:00 p.m. prevailing Eastern Time on the court day preceding the date of the hearing**.  Such notice shall include the full name and electronic mail address of the proposed video participant and shall identify the party represented.  The parties are encouraged to limit video conference participation to those who are necessary to the presentation of the matter(s) set for hearing.  If the number of persons wishing to participate in the video conference, in the Court's view, exceeds the number which would permit the efficient, stable, and reliable transmission of the hearing by video conference, the Court may require that certain persons be permitted to participate in the hearing only by telephone.  The Court will provide to each person participating by telephone separate dial-in instructions, which may be used with any telephone equipment.

4. **PUBLIC ACCESS**.  The hearing is a public matter.  The general public is invited to listen to the hearing by telephone.  Any person wishing to listen to the hearing by telephone may contact Dawn Leonard by electronic mail at **Dawn_Leonard@flsb.uscourts.gov** to obtain dial-in instructions.

5. **RECORDING PROHIBITED; OFFICIAL RECORD**.  No person may record the proceedings from any location by any means.  The audio recording maintained by the Court shall be the sole basis for creation of a transcript that constitutes the official record of the hearing.

6. **REMOTE WITNESS TESTIMONY**.  The Court may determine to permit examination and/or cross-examination of witnesses.  In accordance with Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), for good cause and in compelling circumstances a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom.  The Court finds that the public danger presented by the COVID-19 pandemic merits application of this rule with regard to all witnesses who may testify in connection with the matter(s) set for hearing.  Each remote witness called to testify or subject to cross-examination shall be permitted to testify by contemporaneous transmission from a different location by video conference, as provided in this Order.  The Court will administer the oath to each remote witness during the video conference and witness testimony will have the same effect and be binding upon each remote witness in the same manner as if such remote witness was sworn in by the Court in person in open court.  As additional safeguards for the allowance of remote testimony, the Court

       requires as follows: (a) each remote witness must disclose the city, state and country, and the type of place (such as home or office), where she or he is located while testifying; (b) no other person shall be permitted to be in the same room with any remote witness unless specifically authorized by the Court; (c) each remote witness shall have with her or him only those documents also provided to the Court for consideration in connection with the matter(s) set for hearing and no other documents or data; and (d) no person shall communicate with a witness during his or her testimony, except by direct examination or cross-examination on the record, unless specifically authorized by the Court.

7.    **CONDUCT DURING HEARING**. Although conducted using video conferencing technology, the hearing is a court proceeding. The formalities of the courtroom shall be observed. Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.

8.    **COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY**. All papers submitted to the Court, including exhibits, must comply with the federal judiciary privacy policy as referenced in Local Rule 5005-1(A)(2).

###