UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

TOOJAY'S MANAGEMENT LLC, *et al.*[1]

          Debtors.

_____/

Chapter 11 Cases
Case No. 20-14792-EPK
(Jointly Administered)

### APPLICATION OF DEBTORS-IN-POSSESSION TO SUBSTITUTE AND EMPLOY PAUL STEVEN SINGERMAN AND THE LAW FIRM OF BERGER SINGERMAN LLP, EFFECTIVE AS OF MAY 5, 2020, AS SUCCESSOR COUNSEL TO AKERMAN LLP

The above-captioned debtors and debtors-in-possession (each, a "Debtor", and collectively, the "Debtors"), respectfully request the entry of an order, pursuant to section 327(a) of the Bankruptcy Code, authorizing the employment and substitution of Paul Steven Singerman and the law firm of Berger Singerman LLP ("Berger Singerman") to represent the Debtors in these cases as their general bankruptcy counsel in the place of Akerman LLP ("Akerman"). In support of the Application, the Debtors rely upon the Declaration of Paul Steven Singerman, on Behalf of Berger Singerman LLP, as Proposed Counsel to the Debtors attached hereto as Exhibit "A" (the "Singerman Declaration"), and respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: TooJay's Management LLC (0443), TJ Acquisition, LLC (1455), TooJay's Altamonte, L.L.C. (5466), TooJay's at Dr. Phillips, L.L.C. (8342), TooJay's Bakery & Commissary, L.L.C. (7016), TooJay's Boynton Oakwood Square, L.L.C. (3583), TooJay's Colonial, L.L.C. (6530), TooJay's Coral Springs, L.L.C. (5919), TooJay's Dania Beach, L.L.C. (2030), TooJay's Downtown Gardens, L.L.C. (0351), TooJay's Downtown Tampa, L.L.C. (5046), TooJay's Glades, L.L.C. (3884), TooJay's Hallandale, L.L.C. (4596), TooJay's Jupiter, L.L.C. (5986), TooJay's Lake Worth, L.L.C. (3353), TooJay's Naples, LLC (3336), TooJay's N Ft. Lauderdale, L.L.C. (8438), TooJay's of Lake Mary, LLC (0594), TooJay's of Ocoee, L.L.C. (9601), TooJay's of Sarasota, L.L.C. (7584), TooJay's of the Villages, L.L.C. (0798), TooJay's of West Boca, L.L.C. (8250), TooJay's Palm Beach, L.L.C. (1908), TooJay's Plantation, L.L.C. (8882), TooJay's Stuart, L.L.C. (4505), TooJay's Vero, L.L.C. (0750), TooJay's Villages III, L.L.C. (5254), TooJay's VLG II, L.L.C. (2492), TooJay's Waterford Lakes, L.L.C. (9363), TooJay's Wellington Commons, L.L.C. (3967), and TooJay's West Palm Beach, L.L.C. (4685).

9746591-4

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 327 and 330 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2016-1(A).

## Background

4.      On April 29, 2020 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5.      On April 30, 2020, the Court entered an Order directing these bankruptcy cases to be jointly administered under the lead case of Toojay's Management LLC having Case No. 20-14792-EPK.  *See* ECF No. 18.

6.      The Debtors are operating their business and managing their affairs as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

7.      For a detailed description of the Debtors, their assets, liabilities and operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of Edward Maxwell Piet in Support of Chapter 11 Petitions and First Day Motions* [ECF No. 12] (the "First Day Declaration").

8.      On the Petition Date, the Debtors filed the *Debtors' Emergency Application for Approval, on an Interim and Final Basis, of Employment of Michael I. Goldberg, Eyal Berger, and the Law Firm of Akerman LLP as General Bankruptcy Counsel for the Debtors-in-Possession*

9746591-4                                                2

*Effective as of the Petition Date* [ECF No. 9] (the "<u>Akerman Retention Application</u>").  The Court scheduled a hearing on the Akerman Retention Application on May 1, 2020 at which time the Court continued until May 12, 2020, the hearing to consider the Application (the "<u>Continued Hearing</u>").

### Relief Requested

9.      Akerman has represented the Debtors since the Petition Date.  The Debtors will seek entry of an order granting the Akerman Retention Application.

10.      On April 30, 2020, subsequent to the filing of the Akerman Retention Application, Akerman was advised by Truist[2] that Akerman's proposed retention on behalf of all of the Debtors may present a conflict arising from Akerman's representation of Truist and/or its affiliates on unrelated matters.  Akerman immediately investigated the issues raised by Truist and determined that the alleged conflict did not constitute an ethical or legal conflict that would preclude Akerman's retention on behalf of the Debtors and solicited additional information from Truist as to the alleged conflict.

11.      On May 1, 2020, Akerman advised the Court that it identified additional potential conflicts subsequent to the filing of the Akerman Retention Application that would require supplemental disclosures on the part of Akerman prior to the Court entering any relief on the Akerman Retention Application.

12.      Subsequent to the May 1st, 2020 hearings in these chapter 11 cases, Truist advised Akerman that it opposed Akerman's continued representation of the Debtors due to the alleged conflict previously raised by Truist.

---

[2] Truist may hold a general unsecured claim against Toojay Management, LLC arising from a pre-petition PPP loan in the approximate amount of $6,400,000 advanced to Toojay Management, LLC.

9746591-4

13.    On May 5, 2020, after several separate consultations between Akerman, the Debtors, and Truist, Akerman determined that even though the alleged conflict raised by Truist did not constitute a legal or ethical conflict precluding Akerman's retention, that it was in the Debtors' best interests not to distract from the Debtors their reorganization with a potential retention dispute.

14.    The Debtors independently reviewed the qualifications of Berger Singerman and determined that Berger Singerman was highly qualified to act as substitute counsel.

15.    Accordingly, the Debtors wish to employ Paul Steven Singerman and Berger Singerman as substitute bankruptcy counsel in these cases.  In order to facilitate Berger Singerman undertaking the representation of the Debtors, the Debtors, subject to the approval of this Court, have asked Akerman to transfer to Berger Singerman's trust account the unused portion of the retainer it received from the Debtors (after reserving for the fees and costs it has expended and projects to expend until the effective date of this Court's order authorizing Berger Singerman to substitute for Akerman as counsel, and its seeking authority from this Court to retain as compensation for its services and reimbursement of expenses it incurred until such date).

16.    To avoid any prejudice to the Debtors and creditors of the Debtors' estates, Berger Singerman and Akerman have both agreed to waive any fees associated with the proposed substitution of counsel and the transition of all pending tasks from Akerman to Berger Singerman.

17.    The Debtors believe that it is in the best interest of their estates to retain Berger Singerman as general counsel in these chapter 11 cases.  The Debtors believe that the attorneys of Berger Singerman are qualified to practice in this Court and are qualified to advise the Debtors on their relations with, and responsibilities to, the creditors and other interested parties.  The

professional services that Berger Singerman will render include, but are not limited to, the following:

(a)     To give advice to the Debtors with respect to their powers and duties as debtors in possession and the continued management of their business operations;

(b)     To advise the Debtors with respect to their responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)     To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of these chapter 11 cases;

(d)     To protect the interests of the Debtors in all matters pending before the Court;

(e)     To represent the Debtors in negotiations with their creditors and in the preparation of a plan; and

(f)     To assist the Debtors in maximizing the value of their assets through the advance of an orderly, competitive sale of its assets; prosecute litigation claims; and to pay the holders of allowed claims in accordance with the priorities established by the Bankruptcy Code.

## **Authority for Relief**

18.     The Debtors seek retention of Berger Singerman as their counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval;

> …may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

19.     Bankruptcy Rule 2014(a) requires that an application for retention include:

…specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

20.     For all of the reasons stated in this Application, the Debtors believe that it is in the best interests of their estates to retain Berger Singerman as general counsel in these chapter 11 cases.

21.     To the best of the Debtors' knowledge, except as disclosed in the Singerman Declaration, neither Paul Steven Singerman ("Singerman") nor Berger Singerman has any connection with the creditors or other parties in interest or their respective attorneys.  As set forth in the Singerman Declaration, to the best knowledge of Singerman, neither Singerman nor Berger Singerman represents any interest adverse to the Debtors.

22.     The Singerman Declaration, containing a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure, is attached and demonstrates that under these circumstances, Singerman and Berger Singerman are disinterested as required by Section 327(a) of the Bankruptcy Code.

23.     Berger Singerman will apply for compensation and reimbursement of costs, pursuant to Sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors. Delay in obtaining approval until a final hearing is scheduled will cause immediate and irreparable harm to the Debtors.

24.     I am advised that artificial entities such as corporations and limited liability companies cannot represent themselves in this Court; they must be represented by counsel.   The

Debtors anticipates that they will likely need access to counsel and the Court within the first 21 days of the case. Accordingly, the Debtors request that the Court consider this Application on an expedited basis and grant the Application on an interim basis subject to a final hearing.

**WHEREFORE**, the Debtors respectfully request entry of an interim order in the form attached hereto as **Exhibit "B"** (i) authorizing the substitution of Akerman with Paul Steven Singerman and the law firm of Berger Singerman effective as of May 5, 2020, (ii) approving the employment of Paul Steven Singerman and the law firm of Berger Singerman LLP as general counsel to the Debtors in these chapter 11 cases, effective as of May 5, 2020, subject to a final hearing; (iii) authorizing and directing Akerman to transfer to Berger Singerman's trust account the unused portion of the retainer it received from the Debtors (after reserving for the fees and costs it has expended and projects to expend until the effective date of this Court's order allowing Berger Singerman to substitute for Akerman and its seeking authority from this Court to retain as compensation for its services and reimbursement of expenses it incurred until such date); and (iv) for such other and further relief as the Court deems just and proper.

Dated: May 6, 2020                    Respectfully submitted,

                                      TOOJAY'S MANAGEMENT LLC, *et al.*, Debtors

                                      By: _____
                                           Edward Maxwell Piet, President and CEO

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case on this 6th day of May, 2020. Berger Singerman will file a supplemental certificate of service reflecting service via U.S. Regular Mail, postage prepaid, on additional parties on 7th day of May, 2020.

Dated: May 6, 2020

BERGER SINGERMAN LLP
*Proposed Counsel for Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Paul Steven Singerman*
Paul Steven Singerman
Florida Bar No. 378860
singerman@bergersingerman.com

**EXHIBIT "A"**

**(Singerman Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

TOOJAY'S MANAGEMENT LLC, *et al.*[1]

        Debtors.

_____/

Chapter 11 Cases
Case No. 20-14792-EPK
(Jointly Administered)

**DECLARATION OF PAUL STEVEN SINGERMAN ON BEHALF
OF BERGER SINGERMAN LLP, AS PROPOSED SUCCESSOR COUNSEL
FOR THE DEBTORS-IN-POSSESSION EFFECTIVE AS MAY 5, 2020**

1.    I am Paul Steven Singerman.  I am an attorney and through my professional association corporation I am a member of the law firm of Berger Singerman LLP ("Berger Singerman"). Our firm maintains offices for the practice of law at 1450 Brickell Avenue, Suite 1900, Miami, FL 33131; 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301; 313 North Monroe Street, Suite 301, Tallahassee, FL 32301 and One Town Center Road, Suite 301, Boca Raton, FL 33486.  I am familiar with the matters set forth herein and make this Declaration in support of the *Application of Debtors-in-Possession for Substitution of Debtors' Bankruptcy Counsel for Akerman LLP to Paul Steven Singerman and the Law Firm of Berger Singerman LLP, Effective as of May 5, 2020* (the "Application").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: TooJay's Management LLC (0443), TJ Acquisition, LLC (1455), TooJay's Altamonte, L.L.C. (5466), TooJay's at Dr. Phillips, L.L.C. (8342), TooJay's Bakery & Commissary, L.L.C. (7016), TooJay's Boynton Oakwood Square, L.L.C. (3583), TooJay's Colonial, L.L.C. (6530), TooJay's Coral Springs, L.L.C. (5919), TooJay's Dania Beach, L.L.C. (2030), TooJay's Downtown Gardens, L.L.C. (0351), TooJay's Downtown Tampa, L.L.C. (5046), TooJay's Glades, L.L.C. (3884), TooJay's Hallandale, L.L.C. (4596), TooJay's Jupiter, L.L.C. (5986), TooJay's Lake Worth, L.L.C. (3353), TooJay's Naples, LLC (3336), TooJay's N Ft. Lauderdale, L.L.C. (8438), TooJay's of Lake Mary, LLC (0594), TooJay's of Ocoee, L.L.C. (9601), TooJay's of Sarasota, L.L.C. (7584), TooJay's of the Villages, L.L.C. (0798), TooJay's of West Boca, L.L.C. (8250), TooJay's Palm Beach, L.L.C. (1908), TooJay's Plantation, L.L.C. (8882), TooJay's Stuart, L.L.C. (4505), TooJay's Vero, L.L.C. (0750), TooJay's Villages III, L.L.C. (5254), TooJay's VLG II, L.L.C. (2492), TooJay's Waterford Lakes, L.L.C. (9363), TooJay's Wellington Commons, L.L.C. (3967), and TooJay's West Palm Beach, L.L.C. (4685).

2.    In support of the Application, I disclose the following:

(a)    Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

(b)    In preparing this Declaration, I and others working with me on these cases reviewed lists of the creditors and interested parties of the above-captioned debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors"), as provided by Akerman LLP, consisting of the following:  (i) the employees of the Debtors; (ii) the unsecured, non-priority creditors of the Debtors, including the Debtors' accounts payable vendors; (iii) the non-debtor parties to executory contracts and unexpired leases with the Debtors; (iv) the utility providers of the Debtors; (v) the secured creditors of the Debtors; (vi) the officers and directors of the Debtors; (vii) the non-debtor parties to pending litigation matters to which the Debtors are a party; (viii) the taxing authorities of the Debtors; and (ix) the equity holders of the Debtors, as well as the results of UCC searches conducted in Florida and Delaware by Capitol Services, in respect of filings against the Debtors.  I caused our accounting department to compare the information obtained thereby with the information contained in our law firm's client and adverse party conflict check index system.  The facts stated in this Declaration as to the relationship between other lawyers in our law firm and the Debtors, the Debtors' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system.  Specifically, I have caused to be (A) conducted a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 2(b) and (B) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtors and the creditors of the Debtors.

2

Based upon such search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Berger Singerman.

3.     Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records.  It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I am one of the persons who is responsible for the supervision of the department of our firm which keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

4.     A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

a)     *AFCO Insurance* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represented *AFCO Insurance* in matters that are wholly unrelated to the instant bankruptcy cases.  Further, Berger Singerman has represented a number of clients who are adverse to *AFCO Insurance* in that they have incurred a debt to *AFCO Insurance* in matters wholly unrelated to the instant bankruptcy cases;

b)     *AT&T* is listed as a creditor or interested party of one or more the Debtors. Berger Singerman previously represented *AT&T* in matters that are wholly unrelated to the instant bankruptcy cases.   In or about 2003, Berger Singerman represented *AT&T Latin America Corporation* as a debtor in possession in a Chapter 11 bankruptcy case that is wholly unrelated to the instant bankruptcy case. The *AT&T Latin America* Chapter 11 bankruptcy cases were concluded in or about 2005.  Further, Berger Singerman has represented a number of clients who

are adverse to *AT&T* in that they have incurred a debt to *AT&T* in matters wholly unrelated to the instant bankruptcy cases;

        c)     *Cigna* is listed as a creditor or interested party of one or more of the Debtors. Berger Singerman formerly represented *Cigna* in matters that are wholly unrelated to the instant bankruptcy cases.  Berger Singerman presently has no active representations of *Cigna.* In addition, Berger Singerman has represented a number of clients who are adverse to *Cigna* in that they have incurred a debt to *Cigna* in matters wholly unrelated to the instant bankruptcy cases;

        d)     *Citizens Bank* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman formerly represented *Citizens Bank* in matters that are wholly unrelated to the instant bankruptcy cases.  Berger Singerman presently has no active representations of *Citizens Bank.* In addition, Berger Singerman has represented a number of clients who are adverse to *Citizens Bank* in that they have incurred a debt to *Citizens Bank* in matters wholly unrelated to the instant bankruptcy cases;

        e)     *City of Dania Beach* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represents the *City of Dania Beach* in matters that are wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *City of Dania Beach* in that they have incurred a debt to *Cigna* in matters wholly unrelated to the instant bankruptcy cases;

        f)     *Comcast* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represents *Comcast* in a matter wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *Comcast* in that they have incurred a debt to *Comcast* in matters wholly unrelated to the instant bankruptcy cases;

9747051-2

g)      *Edward Don & Company* is listed as a creditor or interested party of one or more of the Debtors. Berger Singerman formerly represented *Edward Don & Company* in matters that are wholly unrelated to the instant bankruptcy cases. Berger Singerman presently has no active representations of *Edward Don & Company*.  In addition, Berger Singerman has represented a number of clients who are adverse to *Edward Don & Company* in matters wholly unrelated to the instant bankruptcy cases;

h)      *Florida Department of Business and Professional Regulation* is listed as a creditor or interested party of one or more of the Debtors. Berger Singerman formerly represented *Florida Department of Business and Professional Regulation* in matters that are wholly unrelated to the instant bankruptcy cases. Berger Singerman presently has no active representations of *Florida Department of Business and Professional Regulation*.  In addition, Berger Singerman has represented a number of clients who are adverse to *Florida Department of Business and Professional Regulation* in matters wholly unrelated to the instant bankruptcy cases;

i)      *Gray Robinson, P.A.* is listed as a creditor or interested party of one or more of the Debtors. Berger Singerman represents *Gray Robinson, P.A.* in a matter wholly unrelated to the instant bankruptcy cases. In addition, Berger Singerman has represented a number of clients who are adverse to *Gray Robinson, P.A.* and clients represented by *Gray Robinson, P.A.*  in matters wholly unrelated to the instant bankruptcy cases.  Further, Berger Singerman has worked in various cases along with, or as opposing counsel to, *Gray Robinson, P.A.* in matters wholly unrelated to the instant bankruptcy cases;

j)      *Johnson Controls, Inc.* is listed as a creditor or interested party of one or more of the Debtors. Berger Singerman represents *Johnson Controls, Inc.* in a matter wholly unrelated to the instant bankruptcy cases. In addition, Berger Singerman has represented a number

9747051-2

of clients who are adverse to *Johnson Controls, Inc.* in matters wholly unrelated to the instant bankruptcy cases;

k)    *T-Mobile* is listed as a creditor or interested party one or more of the Debtors.  Berger Singerman represents *T-Mobile* in a matter wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *T-Mobile* in that they have incurred a debt to *T-Mobile* in matters wholly unrelated to the instant bankruptcy cases;

l)    Berger Singerman represented both Ruden McClosky P.A. and TOUSA, Inc. as debtors-in-possession in matters wholly unrelated to the instant bankruptcy cases.  One or more of the Debtors were listed as creditors of Ruden McClosky, P.A. and TOUSA, Inc.  Berger Singerman no longer represents Ruden McClosky, P.A. and TOUSA, Inc. and those bankruptcy cases have been concluded.

m)    There are numerous creditors or interested parties of the Debtors which have been creditors of, or adverse to, other entities represented by Berger Singerman in cases and matters wholly unrelated to the instant bankruptcy cases.  These entities are: *Brinks Incorporated, Broward County Tax Collector, Canon Financial Services, Inc., Canon Business Solutions, Inc., Central Florida Expressway Authority, Central Sumter Utility, Centurylink, Citizens Bank, City of Altamonte Springs, City of Boca Raton, City of Boynton Beach, City of Pembroke Pines, City of Plantation, City of Sarasota License, City of Sarasota, City of Tampa, City of West Palm Beach, Collier County Tax Collector, Comcast, Corporate Services Consultants, Coverall North America, Inc., Division of Hotel and Restaurants, Doug Beldon Tax Collector, Duke Energy, Ecolab Food Safety Specialties, Equity One, EZ Blinds, Inc., Fast Signs, Federal Express, Federal Insurance Company, Fish Window Cleaning, Flamingo Plumbing, Florida Department of Agriculture and Consumer Services, Florida Logos, Florida Public Utilities, Franklin Machines Products, Gaskets*

6

Rock International, Grainger, Inc., Granite Telecommunications, Hospital Resource Supply, Hyat, Hyat & Landau, P.L., IHeart Media & Entertainment, Inc., Jackson Lewis, Kazar's Electric, Lake Apopka Natural Gas District, Lake County Tax Collector, Light Bulbs Unlimited, Loxahatchee River District, McNatt Plumbing, Orange County Tax Collector, North Sumpter Utility Company LLC, Palm Beach County Water Utility, Palm West Hospital, Pitney Bowes Global Financial Services, Reliance Standard Life Insurance Company, Republic Services, Riverside Paper, Royal Window Cleaning, RPP Palm Beach Property LP, RSM US LLC, The Icee Company, Town of Jupiter, Treasure Coast Newspapers, TWC Services, UCF Student Union, Uline, Inc., U.S. Department of Education, US Foods, Verizon, Village of Wellington, Waste Management, Weingarten Nostat, Inc., Wellington Utilities, Wex Bank, Wright National Flood Insurance Company, and Zenith Insurance.

      n)     Individuals by the names of *Jose Betancourt, Kim Boyd, Judy Brown, Kevin Brown, Michael Brown, Mike Brown, Terri Brown, Chris Clark, Christopher Collins, Jorge Diaz, Hector Fernandez, Anthony Gamble, Anne Gannon, Timothy Hall, Andrew Hoffman, Victoria Jimenez, Jean Joseph, Steven Levin, Bob McKee, Raul Miranda, Amy Quintana, Brian Parker, Robert Miller, Stephan Ray, Michael Ross, Brian Seidman, Shawn Smith, Gregory Varney* and *Jared Weiner* are listed as creditors or interested parties of the Debtors.  Berger Singerman has represented third parties in wholly unrelated matters whose interests may have been adverse to one or more of these individuals.  It is impossible for our firm to confirm with certainty that the individuals associated with the third-party representations are the same individuals listed as creditors or interested parties of one or more of the Debtors;

      o)     Individuals by the names of *Michael Brown, Jorge Diaz, Robert Miller, Michael Ross,* and *Jared Weiner* are listed as creditors or interested parties of one or more of the Debtors.  Berger Singerman formerly represented individuals by the same names.  It is impossible

7

for our firm to confirm with certainty that these individuals formerly represented by Berger Singerman are the same individuals who are creditors or interested parties of one or more of the Debtors; and

        p)     Berger Singerman represents privately held as well as public companies in out of court and restructuring matters (the "Non-Debtor Clients").  Several creditors of the instant Debtors may be creditors of one or more of our firm's Non-Debtor Clients.  Berger Singerman's representation of the Non-Debtor Clients does not impair Berger Singerman's disinterestedness or its ability to represent the Debtors in these cases.

5.     Berger Singerman submits that none of the foregoing representations or connections constitutes a conflict of interest or in any way impairs its disinterestedness in these cases.

6.     Other than as set forth in this declaration, Berger Singerman neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.     Neither I nor our firm has or will represent any other entity in connection with these cases, and neither I nor our firm will accept any fee from any other party or parties in these cases, except the Debtors, unless otherwise authorized by the Court.

8.     The professional fees and costs incurred by Berger Singerman in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and FRBP 2014 and 2016.

9.     The current hourly rates for the attorneys at Berger Singerman range from $295.00 to $725.00.  The current hourly rates of Paul Steven Singerman, Jordi Guso and Brian G. Rich, the partners who will be principally responsible for Berger Singerman's representation of the Debtor, are $720.00, $650.00, and $615.00, respectively, and the current hourly rates of the

associate attorneys who will work on this matter range from $320.00 to $450.00 per hour.  The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $85.00 to $250.00.  Berger Singerman typically adjusts its hourly rates annually on January 1st.

10.    There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm.  No promises have been received by Berger Singerman nor any member or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

11.    As of the date hereof, Berger Singerman has not received any payment of fees or reimbursement for expenses incurred in our representation of the Debtors. Our representation of the Debtors is subject to the approval of this Court and this Court authorizing Akerman LLP, current prospective counsel to the Debtors, to transfer to Berger Singerman's trust account the unused portion of the retainer it received from the Debtors (after reserving for the fees and costs it has expended and projects to expend until the effective date of this Court's order allowing it to withdraw from the representation of the Debtors and its seeking authority from this Court to retain as compensation for its services and reimbursement of expenses it incurred until such date).

12.    No attorney in our firm holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

13.    No attorney in our firm is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

14.    No attorney in our firm is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

15.    No attorney in our firm is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

16.    No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

17.    No attorney in our firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the filing of the petition.

18.    No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

19.    Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee (but the undersigned and many employees of Berger Singerman have personal relationships and friendships with attorneys at the Office of the United States Trustee in the Southern District of Florida), on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

20.    This concludes my Declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on May 6, 2020.

*/s/ Paul Steven Singerman*
PAUL STEVEN SINGERMAN

9747051-2

**EXHIBIT "B"**

**(Proposed Order)**

9746591-4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

TOOJAY'S MANAGEMENT LLC, *et al.*[1]

Debtors.

_____/

Chapter 11 Cases
Case No. 20-14792-EPK
(Jointly Administered)

## INTERIM ORDER APPROVING APPLICATION OF DEBTORS-IN-POSSESSION TO SUBSTITUTE AND EMPLOY PAUL STEVEN SINGERMAN AND THE LAW FIRM OF BERGER SINGERMAN LLP, EFFECTIVE AS OF MAY 5, 2020, AS SUCCESSOR COUNSEL TO AKERMAN LLP

**THIS MATTER** came before the Court on May _____, 2020 at _____ a.m./p.m. in West

Palm Beach, Florida, upon the *Application of Debtors-In-Possession to Substitute and Employ Paul*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: TooJay's Management LLC (0443), TJ Acquisition, LLC (1455), TooJay's Altamonte, L.L.C. (5466), TooJay's at Dr. Phillips, L.L.C. (8342), TooJay's Bakery & Commissary, L.L.C. (7016), TooJay's Boynton Oakwood Square, L.L.C. (3583), TooJay's Colonial, L.L.C. (6530), TooJay's Coral Springs, L.L.C. (5919), TooJay's Dania Beach, L.L.C. (2030), TooJay's Downtown Gardens, L.L.C. (0351), TooJay's Downtown Tampa, L.L.C. (5046), TooJay's Glades, L.L.C. (3884), TooJay's Hallandale, L.L.C. (4596), TooJay's Jupiter, L.L.C. (5986), TooJay's Lake Worth, L.L.C. (3353), TooJay's Naples, LLC (3336), TooJay's N Ft. Lauderdale, L.L.C. (8438), TooJay's of Lake Mary, LLC (0594), TooJay's of Ocoee, L.L.C. (9601), TooJay's of Sarasota, L.L.C. (7584), TooJay's of the Villages, L.L.C. (0798), TooJay's of West Boca, L.L.C. (8250), TooJay's Palm Beach, L.L.C. (1908), TooJay's Plantation, L.L.C. (8882), TooJay's Stuart, L.L.C. (4505), TooJay's Vero, L.L.C. (0750), TooJay's Villages III, L.L.C. (5254), TooJay's VLG II, L.L.C. (2492), TooJay's Waterford Lakes, L.L.C. (9363), TooJay's Wellington Commons, L.L.C. (3967), and TooJay's West Palm Beach, L.L.C. (4685).

*Steven Singerman and the Law Firm of Berger Singerman LLP Effective as of May 5, 2020, as*
*Successor Counsel to Akerman LLP* [ECF No. _____] (the "<u>Application</u>") and the *Declaration of*
*Paul Steven Singerman, on Behalf of Berger Singerman LLP, as Proposed Successor Counsel to the*
*Debtors-in-Possession Effective May 5, 2020* (the "<u>Singerman Declaration</u>") attached to the
Application as **<u>Exhibit "A"</u>** filed by the above-captioned debtors and debtors-in-possession (each, a
"<u>Debtor</u>", and collectively, the "<u>Debtors</u>") on May 6, 2020.  The Application requests the entry of
interim and final  orders, pursuant to section 327(a) of the Bankruptcy Code, authorizing the
employment and substitution of Paul Steven Singerman and the law firm of Berger Singerman LLP
("<u>Berger Singerman</u>") to represent the Debtors in these cases as their general bankruptcy counsel in
the place of Akerman LLP ("<u>Akerman</u>").

The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§
157 and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper
before this Court pursuant to 28 U.S.C. § 1408.

The relief requested in the Application is in the best interests of the Debtors, their estates and
creditors.  The Singerman Declaration makes the disclosures required by Fed. R. Bankr. P. 2014 and
Fed. R. Bankr. P. 2016.  The Singerman Declaration contains a verified statement as required by
Fed. R. Bankr. P. 2014 demonstrating that Paul Steven Singerman and Berger Singerman LLP are
disinterested as required by 11 U.S.C. § 327(a).  Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr.
P. 2014(a), the Court is authorized to grant the relief requested in the Application.  Bankruptcy Rule
6003 states, in pertinent part: "Except to the extent that relief is necessary to avoid immediate and
irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order
granting the following: (a) an application under Rule 2014...."  An application under Rule 2014 is
one for approval of employment of a professional pursuant to 11 U.S.C. §§ 327, 1103, or 1114.

Artificial entities such as corporations and limited liability companies cannot represent themselves in this Court; they must be represented by counsel. Without counsel, debtors-in-possession would be unable to seek the court orders they require to operate their businesses. The Court finds that withholding approval of an application for interim retention of counsel for such entities for twenty-one days would cause immediate and irreparable harm to the estates.

The Court adopts the following procedure for retention of counsel on an interim basis within the first twenty-one days following commencement of the case. The Court will enter an order approving retention of counsel on an interim basis until a final hearing can be convened, at least twenty-one days post-petition, after notice to all parties-in-interest and the United States Trustee. All objections to the retention of counsel will be preserved until the final hearing at which time the Court will review any such objections *de novo* and determine the merits of the Application. This procedure complies with the requirements of Fed. R. Bankr. P. 6003. It also ensures debtors-in-possession are represented by counsel so that they may seek relief in this Court during the first twenty-one days after commencement of the case and until such time as a final hearing on the Application for employment can be convened. Having reviewed the Application and the Singerman Declaration, the Court

ORDERS and ADJUDGES:

1.      The Application is GRANTED as provided herein.

2.      The substitution of Akerman with Paul Steven Singerman and the law firm of Berger Singerman LLP as successor counsel to the Debtors is APPROVED effective as of May 5, 2020,

3.      The employment by the Debtors of Paul Steven Singerman and the law firm of Berger Singerman LLP, as general counsel in these chapter 11 cases is **APPROVED** pursuant to 11 U.S.C. § 327(a), on an interim basis, pending the final hearing as set forth below.

3

4.       Akerman is authorized and directed to transfer to Berger Singerman's trust account the unused portion of the retainer it received pre-petition from the Debtors (after reserving for the fees and costs it has expended and projects to expend through the date of this Order and its seeking authority from this Court to retain as compensation for its services and reimbursement of expenses it incurred until such date).

5.       Berger Singerman LLP shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331 or such other procedures as the Court may approve following notice and a hearing, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.

6.       **The Court shall conduct a further hearing (the "Final Hearing") to consider final approval of the Application on              , 2020 at         a.m./p.m. (prevailing Eastern Time), in Courtroom B, Flagler Waterview Building, 1515 North Flagler Drive, West Palm Beach, FL  33401**.

7.       Entry of this Interim Order is without prejudice to the rights of any party in interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* basis at the Final Hearing.

8.       This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

*(Paul Steven Singerman, Esq. is directed to serve a copy of this order on interested parties and file a certificate of service within three days of entry of the order.)*