UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

TOOJAY'S MANAGEMENT LLC, *et al.*,[1]

　　　　　　　Debtors.

_____/

Chapter 11 Cases
Case No. 20-14792-EPK
(Jointly Administered)

**DEBTORS' SECOND EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF CRITICAL VENDORS**
(Emergency Hearing on May 21, 2020 at 1:30 p.m. Requested)

**Statement of Exigent Circumstances**

The vendors which the Debtors seek to pay through this Motion are critical to the Debtors' daily operations and, thus, essential to the successful reorganization of the Debtors. Without the immediate authorization to pay the critical vendor claims in accordance with the terms fully set forth below, the Debtors will be irreparably harmed because they will face disruption to their business and delay in purchasing the goods and services necessary to preserve the going concern, enterprise value of their business. The Debtors request that the Court conduct a hearing on May 21, 2020 to coincide with the hearing currently scheduled on the *Debtors' Emergency Motion For Interim and Final Orders Authorizing the Debtors to Pay U.S. Food Service, Inc.'s Critical Vendor Claim in Accordance with Negotiated Business Arrangement* [ECF No.105], as amended. The Debtors request that the Court waive the requirements of Local Rule 9075-1(B) as the relief requested is urgent in nature and does not lend itself to advance resolution.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: TooJay's Management LLC (0443), TJ Acquisition, LLC (1455), TooJay's Altamonte, L.L.C. (5466), TooJay's at Dr. Phillips, L.L.C. (8342), TooJay's Bakery & Commissary, L.L.C. (7016), TooJay's Boynton Oakwood Square, L.L.C. (3583), TooJay's Colonial, L.L.C. (6530), TooJay's Coral Springs, L.L.C. (5919), TooJay's Dania Beach, L.L.C. (2030), TooJay's Downtown Gardens, L.L.C. (0351), TooJay's Downtown Tampa, L.L.C. (5046), TooJay's Glades, L.L.C. (3884), TooJay's Hallandale, L.L.C. (4596), TooJay's Jupiter, L.L.C. (5986), TooJay's Lake Worth, L.L.C. (3353), TooJay's Naples, LLC (3336), TooJay's N Ft. Lauderdale, L.L.C. (8438), TooJay's of Lake Mary, LLC (0594), TooJay's of Ocoee, L.L.C. (9601), TooJay's of Sarasota, L.L.C. (7584), TooJay's of the Villages, L.L.C. (0798), TooJay's of West Boca, L.L.C. (8250), TooJay's Palm Beach, L.L.C. (1908), TooJay's Plantation, L.L.C. (8882), TooJay's Stuart, L.L.C. (4505), TooJay's Vero, L.L.C. (0750), TooJay's Villages III, L.L.C. (5254), TooJay's VLG II, L.L.C. (2492), TooJay's Waterford Lakes, L.L.C. (9363), TooJay's Wellington Commons, L.L.C. (3967), and TooJay's West Palm Beach, L.L.C. (4685).

The above-captioned debtors and debtors-in-possession (each, a "Debtor" and collectively, the "Debtors"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105, 363(b), 1107(a) and 1108, Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-(k), move the Court (the "Motion") for the entry of an Order authorizing the Debtors to pay a portion of the prepetition claims of certain vendors on terms negotiated with those vendors and that are critical to the operation of the Debtors' business. In support of this Motion, the Debtors rely upon the *Declaration of Edward Maxwell Piet in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") and the *Declaration of Kevin Gagnon in Support of Second Day Motions* ("Second Day Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are 11 U.S.C. Sections 363(b), 1107(a), and 1108, Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1(k).

## BACKGROUND

4.      On April 29, 2020 (the "Petition Date") the Debtors commenced the above-captioned cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

5.      The Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6.      The Debtors currently operate a total of twenty-eight (28) "TooJay's" branded restaurants and a bakery/commissary.  The bakery/commissary is a 30,000 square foot processing facility that manufactures a wide variety of baked goods, soups and other fresh products using proprietary recipes ("Proprietary Products").  For a more detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and all parties-in-interest to the First Day Declaration and the Second Day Declaration.

7.      On May 14, 2020, the Debtors filed their *Emergency Motion for Interim and Final Orders authorizing the Debtors to Pay U.S. Foodservice, Inc.'s Critical Vendor Claim in Accordance with Negotiated Business Arrangement* [ECF No. 105], as amended[2] (the "First Critical Vendor Motion") seeking to pay the prepetition claims of U.S. Foods, Inc. ("U.S. Foods") in exchange for the granting of 60-day credit terms on post-petition orders of the Debtors and other economic terms.  U.S. Foods is a broadline distributor of food and paper products which is critical to the Debtors' business operations.

8.      The First Critical Vendor Motion is set for hearing on May 21, 2020.

## RELIEF REQUESTED AND BASIS THEREFOR

### A.      Critical Vendors

9.      To operate their 28 restaurants, the Debtors require a wide variety of quality bakery products, coffee, soup, and smoked fish. If delivery of these products to the Debtors is stopped or delayed for even one day, the Debtors could not operate their restaurants. The Debtors business depends on, among other things, the Debtors' ability to retain their vendors and maintain their reputation and customer loyalty. The Debtors need to be able to assure their customers, vendors, and employees that, notwithstanding the filing of the Chapter 11 Cases, they will continue to

---

[2] On May 19, 2020, the Debtors amended the First Critical Vendor Motion solely to correct a scrivener's error.

operate at the highest level. This requires the Debtors to consistently deliver the same high-quality

food to their customers every day. To do so, the Debtors must maintain their trading relationships

with key vendors.  The Debtors seek authority to pay a portion of the pre-petition claims of the

following vendors (collectively, the "Critical Vendors") on the following terms:

- **Niagara Distributors, Inc.  ("Niagara"):**  Niagara is the wholesale bakery supplier to the Debtors. Niagara provides specialty products that are superior in quality that which the Debtors can obtain from other vendors, including the high-quality fondant used to make the iconic TooJay's twice dipped black and white cookies. Each year the TooJay's bakery produces over 1.4 million of these black and white cookies. The specialty products provided by Niagara are far superior to those of any other provider and the loss of this vendor would damage the Debtors' brand and, thus, their reorganization. The Debtors propose to pay Niagara 50% of its prepetition claim of $36,588.95, or $18,294.47, in full satisfaction of its pre-petition claim. In return, Niagara has agreed to continue providing specialty products to the Debtors on 30-day terms.

- **Royal Cup, Inc.  ("Royal Cup"):**  Royal Cup provides the Debtors' restaurants with coffee, tea products and brewing and dispensing equipment. Coffee and tea are critical products of the Debtors business and are the #1 beverage group for the Debtors.  Royal Cup provides the coffee equipment used in each of the Debtors' restaurants.  If the Debtors are unable to maintain their relationship with Royal Cup, the existing coffee equipment would be removed from all of the Debtors' 28 restaurants. The Debtors would have to locate a replacement vendor and replace the equipment during which time the Debtors may not be able to serve coffee and tea to their valued customers.  As a result of negotiations with the Debtors, Royal Cup has agreed to accept approximately 75% of its prepetition claim of $24,184.46, or $18,000.00, in full satisfaction of its pre-petition claim. The payment will be made in four (4) equal installments of $4,500. In return, Royal Cup has agreed to continue providing coffee and tea products to the Debtors with 30-day terms.

- **Punchh Inc. ("Punchh"):**  Punchh is the provider and manager of certain programs, practices, and marketing strategies, used by the Debtors to develop and sustain positive customer relationships.  The Debtors maintain two loyalty programs: (1) Delicious Rewards; and (2) Catering Rewards (collectively, the "Loyalty Programs"). The Delicious Rewards program is a points-based system managed by Punchh. Punchh also manages a similar, but separate, points-based program for catering order customers. The Loyalty Programs enhance revenues by, among other things, encouraging repeat business and developing new customer relationships. Punchh has managed these Loyalty Programs for years and its continued participation is critical to the continued success of the Loyalty Programs. The loss of Punchh would jeopardize the Loyalty Program and would likely result in the loss of customers. Punch has agreed to accept 50% of its prepetition claim in

the amount of $20,940.00, or $10,470.00, in full satisfaction of its pre-petition claim. Punchh has also agreed to continue managing the Debtors' Customer Programs and Loyalty Programs with payment being due on net 30-day terms.

- **Custom Culinary, Inc. ("Custom Culinary"):** Custom Culinary makes the soup bases the Debtors use to make their signature chicken soup. TooJays prepares approximately 86,000 gallons of chicken soup each year. Custom Culinary's product is superior in quality to any other which the Debtors have used. The Debtors have had a trading relationship with Custom Culinary for over 20 years. The Debtors' customers are accustomed to, and demand, high quality food and attentive service. The Debtors believe they cannot procure another provider that will consistently deliver the same quality as Custom Culinary. Maintaining their signature food profiles during the pendency of the Chapter 11 Cases is critical to the Debtors' reorganization. As a result of negotiations, Custom Culinary has agreed to accept payment in the amount of 75% of its prepetition claim of $14,377.18, or $10,782.88, in full satisfaction of its pre-petition claim. In exchange, Custom Culinary has agreed to continue providing product to the Debtors on net 30-day terms, up to at a $10,000.00 credit limit.

- **Acme Smoked Fish of Florida, LLC ("Acme"):** Acme is the sole provider of smoked salmon for the Debtors' restaurants. Acme is an industry leader and one of the US' largest producers specializing in smoked salmon and other smoked fish products. The Debtors have sought out vendors of similar smoked fish product and have not been able to find any vendor that can provide the same quality product at its current price point. As a result of negotiations, Acme has agreed to accept payment of 50% of its prepetition claim of $7,706.00, or $3,853.00, in full satisfaction of its pre-petition claim. In return, Custom Culinary has agreed to continue providing product to the Debtors with 7-day terms going forward.

**C.    The Debtors Have Successfully Negotiated Reduced Payments of Critical Vendor Claims in Amounts that are only 50%-75% of the Prepetition Amounts Due to the Critical Vendors.**

10.    Pursuant to extensive negotiations between the Debtors and each of the Critical Vendors, each Critical Vendor has agreed to accept between fifty percent (50%) and seventy five percent (75%) of the amount of its pre-petition claim as shown on the Debtors' books and records (collectively, the "Critical Vendor Claims"), in full satisfaction of the Critical Vendor Claims.

11.    The arrangements with the Critical Vendors are in the best interests of the estates and their creditors. In addition to negotiating the treatment and payment of its Critical Vendor

Claim, each Critical Vendor has also agreed to continue to provide services or products to the Debtors on the terms set forth herein.

## BASIS FOR RELIEF REQUESTED

**A.      Payment of the Critical Vendor Claim Furthers the Debtors' Fiduciary Duties Under 11 U.S.C. §§ 1107(A) and 1108**

12.      A debtor operating its business as a debtor-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code, is a fiduciary "holding the bankruptcy estate and operating the business for the benefit of creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 debtor-in-possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." *Id.*

13.      Courts have noted that there are instances in which a debtor-in-possession can fulfill its fiduciary duty "only ... by the preplan satisfaction of a prepetition claim." *Id.* The *CoServ* court specifically noted that preplan satisfaction of prepetition claims may be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate," *Id.* at 479, and also when the payment is made to "sole suppliers of a given product." *Id.* at 498. The court provided a three-prong test for determining whether a preplan payment on account of a prepetition claim is a valid exercise of a debtor's fiduciary duty: (1) it must be critical that the debtor deal with the claimant; (2) unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim; and (3) there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim. *Id.* at 498.

14.     The payment of the Critical Vendor Claims meets each element of the *CoServ* standard.  Without the goods and services provided by the Critical Vendors, the Debtors cannot provide the quality and service that their loyal customers have come to expect, and any attempted transition to other providers of goods or services would come with increased costs, and likely lower quality products, than those provided by the Critical Vendors.  Failure to satisfy the Critical Vendor Claims on the terms described herein endangers the Debtors' ability to obtain critical and necessary goods and services on favorable business terms, thereby jeopardizing the Debtors' reorganization. The harm and economic disadvantage that would stem from the failure to pay the Critical Vendor Claims is grossly disproportionate to the amount of prepetition claims that will be paid if this Motion is granted.

15.     Consistent with a debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under § 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so.  *See, e.g., In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 17-18 (Bankr. M.D. Fla. 2005) (authorizing payment to critical vendors for prepetition amounts and finding that (i) a sound business justification existed for payment because the vendors would not do business with the debtors absent critical vendor status, and (ii) the payments would enhance the debtors' estates to the benefit of all creditors); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D. N.Y. 1989) (citing bankruptcy court determination that a sound business justification existed to justify payment of prepetition wages); *see also Armstrong World Indus., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.)*, 29 B.R. 391, 397-98 (S.D. N.Y. 1983) (relying on § 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors).

16.     In *Tropical Sportswear Int'l Corp.,* the Court approved the debtor's request for payments to critical vendors pursuant to Sections 105 and 363(b).  In determining whether payments to critical vendors are appropriate under Section 363(b), the Court established the following two part test:  "(1) those critical vendors are indeed critical and have refused to do business with a debtor absent payment; and (2) only if the court finds that the disfavored creditors will be at least as well off as a result of the court's granting critical vendor status to the select vendors." *Id.* at 20.  There, the Court concluded that with respect to the second prong, "permitting a critical vendor to be paid for pre-petition amounts due, a bankruptcy court facilitates the reorganization for the benefit of the debtor's estate and the creditor body as a whole. The result is that a debtor's estate is maximized, and even the disfavored creditors will receive greater payments on their respective claims." *Id.*   Based on the facts of this case, the Court allowed certain critical vendors to be paid 77.5% of their prepetition claims.  *Id.* at 21.

17.     The Debtors have examined other options short of paying the Critical Vendor Claims on the terms set described herein and have determined that to avoid significant disruption to their business, no practical or legal alternative exists to the partial payment of the Critical Vendor Claims.

18.     Lastly, on facts similar to those before this Court, this Court approved payment of part of a prepetition claim held by a vendor who provided computer and software-related services that were deemed critical to the debtor's business and reorganization efforts. *In re Proven Methods Seminars, LLC d/b/a National Grants Conferences,* Case No. 08-28469-BKC-EPK (Bankr. S.D. Fla. Mar. 9, 2009) (Docket No. 136).  In return for payment, the vendor, like the Critical Vendors here, agreed to continue providing post-petition services to the debtor.

**B.      The Doctrine of Necessity and Bankruptcy Code § 105 Support Payment of the Critical Vendor Claim**

19.      The Debtors' proposed payment of the Critical Vendor Claims should be authorized pursuant to Bankruptcy Code Section 105 and under the "doctrine of necessity."

20.      The doctrine of necessity is a well-settled principle of law that allows a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the reorganization process where the payment of such claims is necessary to facilitate the reorganization or where failure to pay such prepetition claims poses a real and significant threat to a debtor's reorganization.  *See In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (authorizing payment to vendors whose goods were essential to debtors' reorganization efforts); *In re* NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit preplan payment of a pre-petition obligation when essential to the continued operation of the debtor."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process."); *Ionosphere Clubs*, 98 B.R. at 175 (discussing bankruptcy court approval of payment of certain pre-petition wage, salary, medical benefit, and business expense claims); *In re Lehigh New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (where payment of prepetition claim is essential to the ongoing operations of the debtor, payment may be authorized out of the corpus of the estate); *see also Miltenberger v. Logansport Ry. Co.*, 106 U.S. 286, 311 (1882) ("Many circumstances may exist which may make it necessary and indispensable to the business of the road and the preservation of the property, for the receiver to pay pre-existing debts of certain classes out of the earnings of the receivership, or even the corpus of the property, under the order of the court, with a priority of lien.").

21.     The doctrine of necessity is a widely accepted component of modern bankruptcy jurisprudence.  *See Just For Feet*, 242 B.R. at 826 (approving payment of key inventory suppliers' prepetition claims when such suppliers could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales season); *In re Payless Cashways, Inc.*, 268 B.R. 543, 546-47 (Bankr. W.D. Mo. 2001) (authorizing payment of critical prepetition suppliers' claims when such suppliers agree to provide post-petition trade credit); *see also Ionosphere Clubs*, 98 B.R. at 175.

22.     Moreover, the doctrine of necessity has been implicitly recognized within this Circuit since its inception, pursuant to prior Fifth Circuit Court of Appeals case law.  *See S. Ry. Co. v. U.S. Fid. & Guar. Co.*, 87 F.2d 118, 120 (5th Cir. 1936) ("There is a doctrine which permits preferential payment of a common claim when necessary for the benefit of the estate...." (*citing Miltenberger*, 106 U.S. at 311)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) ("We hold that the decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit."); *see also Tropical Sportswear*, 320 B.R. at 17 (Bankr. M.D. Fla. 2005) (authorizing payment to critical vendors where key vendors have refused to do business with a debtor absent payment and disfavored creditors will not suffer as a result of the payment (citing *In re Kmart Corporation,* 359 F.3d 866, 873 (7th Cir. 2004)).

23.     Consistent with the factors outlined in *Tropical Sportswear* and *Kmart*, the proposed treatment of the Critical Vendor Claims: (i) is necessary to the Debtors' reorganization, (ii) is supported by sound business justification, in that the Critical Vendors will not provide post-

petition trade credit to the Debtors on similar terms,  without which terms the Debtors' liquidity would become even more severely constrained, and (iii) will not result in additional prejudice to any disfavored creditors. *See* 320 B.R. at 17, *Kmart,* 359 F.3d at 873.

24.    For the reasons stated herein, the Debtors submit that the payment of the Critical Vendor Claims, particularly where the Debtors have been able to obtain agreement from the Critical Vendors to accept between fifty (50%) and seventy-five (75%) percent of the amounts due to them  will permit the Debtors to preserve their trading relationships with the Critical Vendors, each of whom provides goods or services that are essential to the successful reorganization of the Debtors.

25.    The proposed treatment of the Critical Vendors on the terms set forth herein represents a prudent exercise of the Debtors' business judgment.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in the form attached hereto as **Exhibit "A"** (i) granting the relief requested in this Motion; (ii) authorizing, but not directing, the Debtors to pay the Critical Vendor Claims on the terms set forth herein; and (iii) granting such other relief as the Court deems just and proper.

Dated: May 20, 2020                             Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Paul Steven Singerman*
        Paul Steven Singerman
        Florida Bar No. 378860
        singerman@bergersingerman.com
        Jordi Guso
        Florida Bar No. 0863580
        jguso@bergersingerman.com

9777881-3                                      11

Michael J. Niles
Florida Bar No. 107203
mniles@bergersingerman.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as reflected on the attached Electronic Notice List and via U.S. Regular Mail, postage prepaid, upon all parties on the attached Master Service List on this 20th day of May, 2020.

*/s/ Paul Steven Singerman*
Paul Steven Singerman

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- David Agay    dagay@mcdonaldhopkins.com
- Joaquin J Alemany    joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- Scott Andron    sandron@broward.org
- Joseph H Baldiga    bankrupt@mirickoconnell.com
- Marc P Barmat    mbarmat@furrcohen.com, rrivera@furrcohen.com;atty_furrcohen@bluestylus.com;staff1@furrcohen.com
- Eyal Berger    eyal.berger@akerman.com, jeanette.martinez@akerman.com
- Daren Brinkman    firm@brinkmanlaw.com, 7764052420@filings.docketbird.com
- Alan M Burger    aburger@mcdonaldhopkins.com, jpaul@mcdonaldhopkins.com;ltimoteo@mcdonaldhopkins.com
- Paul W Carey    pcarey@mirickoconnell.com
- Robert W Davis    robert.davis@hklaw.com, pauline.nye@hklaw.com
- Suzanne V Delaney    sdelaney@storeylawgroup.com, sbaker@storeylawgroup.com
- Mary Jean Fassett    mjf@mccarronlaw.com
- Ronald E Gold    rgold@fbtlaw.com, eseverini@fbtlaw.com;khardison@fbtlaw.com
- Michael I Goldberg    michael.goldberg@akerman.com, charlene.cerda@akerman.com
- Siobhan E Grant    sgrant@hinshawlaw.com, lleon@hinshawlaw.com
- Jordi Guso    jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Mark Journey    mjourney@broward.org, swulfekuhle@broward.org
- Dana L Kaplan    dana@kelleylawoffice.com, tina@kelleylawoffice.com;cassandra@kelleylawoffice.com;kristina@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@kelleylawoffice.com
- Amanda Klopp    amanda.klopp@akerman.com
- Kevin Thomas Lamb    klamb@jonesfoster.com
- Robert L LeHane    rlehane@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
- Ilan Markus    imarkus@barclaydamon.com, docketing@barclaydamon.com
- Jonathan D. Marshall    jmarshall@choate.com
- Orfelia M Mayor    omayor@ombankruptcy.com, legalservices@pbctax.com
- Stephen A Metz    smetz@offitkurman.com
- Michael Jordan Niles    mniles@bergersingerman.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Grace E. Robson    grobson@mrthlaw.com, jgarey@mrthlaw.com,mrthbkc@gmail.com,lgener@mrthlaw.com,grobson@ecf.courtdrive.com
- Jason A Rosenthal    jason@therosenthallaw.com, jmorando@therosenthallaw.com;jennifer@therosenthallaw.com
- Bradley S Shraiberg    bss@slp.law, dwoodall@slp.law;bshraibergecfmail@gmail.com;dlocascio@slp.law;pmouton@slp.law
- Paul Steven Singerman    singerman@bergersingerman.com, mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

- Ruel W Smith     rsmith@hinshawlaw.com,
  vtorres@hinshawlaw.com;ehsu@hinshawlaw.com
- Mark E Steiner     MES@lgplaw.com, pm@lgplaw.com
- Allen R Tomlinson     atomlinson@jonesfoster.com, mbest@jonesfoster.com
- Richard B Warren     rick@warrengrant.com,
  jennifer@warrengrant.com;michael@warrengrant.com
- Karin Ingrid Warrner     ingrid.warrner@akerman.com

# **EXHIBIT "A"**

# **(PROPOSED ORDER)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

TOOJAY'S MANAGEMENT LLC, *et al.*[1]

              Debtors.

_____/

Chapter 11 Cases
Case No. 20-14792-EPK
(Jointly Administered)

### ORDER GRANTING DEBTORS' SECOND EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE PAYMENT OF PREPETITION CLAIMS OF CRITICAL VENDORS

**THIS MATTER** came before the Court on the _____ day of May, 2020, at

_____a.m./p.m. in West Palm Beach, Florida, upon the *Debtors' Second Emergency Motion*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: TooJay's Management LLC (0443), TJ Acquisition, LLC (1455), TooJay's Altamonte, L.L.C. (5466), TooJay's at Dr. Phillips, L.L.C. (8342), TooJay's Bakery & Commissary, L.L.C. (7016), TooJay's Boynton Oakwood Square, L.L.C. (3583), TooJay's Colonial, L.L.C. (6530), TooJay's Coral Springs, L.L.C. (5919), TooJay's Dania Beach, L.L.C. (2030), TooJay's Downtown Gardens, L.L.C. (0351), TooJay's Downtown Tampa, L.L.C. (5046), TooJay's Glades, L.L.C. (3884), TooJay's Hallandale, L.L.C. (4596), TooJay's Jupiter, L.L.C. (5986), TooJay's Lake Worth, L.L.C. (3353), TooJay's Naples, LLC (3336), TooJay's N Ft. Lauderdale, L.L.C. (8438), TooJay's of Lake Mary, LLC (0594), TooJay's of Ocoee, L.L.C. (9601), TooJay's of Sarasota, L.L.C. (7584), TooJay's of the Villages, L.L.C. (0798), TooJay's of West Boca, L.L.C. (8250), TooJay's Palm Beach, L.L.C. (1908), TooJay's Plantation, L.L.C. (8882), TooJay's Stuart, L.L.C. (4505), TooJay's Vero, L.L.C. (0750), TooJay's Villages III, L.L.C. (5254), TooJay's VLG II, L.L.C. (2492), TooJay's Waterford Lakes, L.L.C. (9363), TooJay's Wellington Commons, L.L.C. (3967), and TooJay's West Palm Beach, L.L.C. (4685).

*for Interim and Final Orders Authorizing Payment of Prepetition Claims of Critical Vendors* [ECF No. ___] (the "<u>Motion</u>").  The Motion seeks entry of an order authorizing, but not directing, the Debtors to pay a portion of the prepetition claims of certain vendors that are critical to the operation of Debtors' business in full satisfaction of their prepetition claims, as more fully set forth in the Motion. The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the First Day Declaration[2], the Second Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

       **ORDERED** as follows:

       1.       The Motion is **GRANTED**.

       2.       The Debtors are authorized, but not directed, to pay the Critical Vendor Claims of the Critical Vendors, upon the terms set forth in the Motion.

       3.       Each Critical Vendor shall continue to provide services and products to the Debtors on similar terms that governed their relationship prepetition and as further set forth in the Motion, and absent such compliance, the Debtors shall have no further obligation to perform under the terms set forth in the Motion.

---

[2]  Capitalized terms used in this Order and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

4.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the Debtors' assumption of any contract or agreement under 11 U.S.C. § 365.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

#   #   #

Submitted by:
Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com

Copy furnished to:
Jordi Guso, Esq.
*(Attorney Guso is directed to serve a signed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

9780469-3

3

## MASTER SERVICE LIST

### SECURED PARTIES

| | |
|---|---|
| **Brookside Mezzanine Fund II, L.P. and Brookside Mezzanine Fund III, L.P.** c/o Gregory Foy Brookside Mezzanine Partners 201 Tresser Blvd.; Suite 330 Stamford, CT 06901 | **Brookside Mezzanine Fund II, L.P. and Brookside Mezzanine Fund III, L.P.** c/o Doug Gooding, Esq.     Andrew J. Hickey, Esq.     Jonathan D. Marshall, Esq. Choate, Hall & Stewart LLP Two International Place Boston, MA 02110<br><br>E-Mail: dgooding@choate.com E-Mail: ahickey@choate.com E-Mail: jmarshall@choate.com |
| **CANON FINANCIAL SERVICES, INC.** 158 Gaither Drive, Suite 200 Mt. Laurel, NJ 08054 E-mail: sosack@uccdirect.com | **FAMAM STREET FINANCIAL, INC**. 5850 OPUS PARKWAY SUITE 240 MINNETONKA MN 55353 E-mail: LSTOA@farmamstreet.net |

### LIST OF 20 LARGEST UNSECURED CREDITORS – NOT SERVED THROUGH CM/ECF

| | |
|---|---|
| **THREE ATLANTA LLC** 550 PHARR ROAD, SUITE 900 ATLANTA, GA 30305 ATTN: NANCY APATOV | **U.S. FOODSERVICE INC.** P.O. BOX 281838 ATLANTA, GA 30384 ATTN: HOLLY SIMMONS E-MAIL: HOLLY.SIMMONS@USFOODS.COM |
| **AMERICAN EXPRESS CREDIT CARD** P.O. BOX 650448 DALLAS, TX 75265-0448 ATTN: SUSAN BROOKS E-MAIL: SUSAN.W.BROOKS@AEXP.COM | **SCALISI PRODUCE CO INC** JACKT. SCALISI WHOLESALE 963 STINSON WAY WEST PALM BEACH, FL 33411 ATTN: JACK SCALISI E-MAIL: JACK@SCALISIPRODUCE.COM |

| | |
|---|---|
| **RSM US LLP**<br>5155 PAYSPHERE CIRCLE<br>CHICAGO, IL 60674<br>ATTN: FRANK COMPIANI<br>E-MAIL: FRANK.COMPIANIRSMUS.COM | **IPFS CORPORATION**<br>24722 NETWORK PLACE<br>CHICAGO, IL 60673-1247 |
| **DOVE AIR CONDITIONING & REFRIG. INC.**<br>2581 JUPITER PARK<br>DR # F 10<br>JUPITER, FL 33458<br>ATTN: SIMON LACHANCE | **ZENITH INSURANCE**<br>PO BOX 9055<br>VAN NUYS, CA 91499-4076<br>ATTN: KELLY BROWN |
| **EDWARD DON COMPANY**<br>2562 PAYSPHERE CIRCLE<br>CHICAGO, IL 60674<br>ATTN: RANDY BEIRD | **NIAGARA DISTRIB. INC.**<br>3701 N. 29TH AVENUE<br>HOLLYWOOD, FL 33020<br>ATTN: BENIS MONTERO |
| **PP OMNI VENTURES LLC**<br>2149 NORTH COMMERCE PARKWAY<br>WESTON, FL 33326<br>ATTN: JOSE RODRIGUEZ<br>E-MAIL: JRODRIGUEZ@HLCOS.COM | **2980 INVESTMENTS LLC**<br>6300 NE 1ST AVENUE, SUITE 100<br>FORT LAUDERDALE, FL 33334<br>ATTN: MARK STEIN<br>E-MAIL: MARK@DIVERSIFIEDCOS.COM |
| **FLORIDA POWER & LIGHT COMPANY**<br>GENERAL MAIL FACILITY<br>MIAMI, FL 33188-0001 | **PALM BEACH OUTLETS HOLDINGS LLC**<br>C/O NEW ENGLAND DEVELOPMENT<br>75 PARK PLAZA, THIRD FLOOR<br>BOSTON, MA 02116<br>ATTN: SARAH KUDISCH |
| **WEINGARTEN REALTY INVESTORS**<br>P.O. 2600 CITADEL PLAZA DRIVE<br>HOUSTON, TX 77008 | **ROYAL CUP INC.**<br>160 CLEAGE DRIVE<br>BIRMINGHAM, AL 35217<br>ATTN: RICKY PEREZ<br>E-MAIL:<br>RPEREZ@ROYALCUPCOFFEE.COM |
| **EXCEL TRUST LP**<br>C/O SHOPCORE PROPERTIES<br>10920 VIA FRONTERA, SUITE 220<br>SAN DIEGO, CA 92127 | **SAUL HOLDINGS LIMITED PARTNERSHIP**<br>7501 WISCONSIN AVE., SUITE 1500<br>BETHESDA, MD 20814 |

9749420-3

| | |
|---|---|
| **HIGHWOODS REALTY LIMITED PARTNERSHIP** <br> 3100 SMOKETREE CT STE 600 <br> RALEIGH, NC, 27604 | **CORAL SPRINGS TRADE CENTER, LTD** <br> C/O AMERA PROPERTIES <br> 2900 UNIVERSITY DRIVE <br> CORAL SPRINGS, FL 33065 |
| **RK CENTERS** <br> 17100 COLLINS AVENUE, SUITE 225 <br> SUNNY ISLES BEACH, FL 33160 | **EQUITY ONE (FLORIDA PORTFOLIO) LLC,** <br> **PARTNERSHIP (REGENCY CENTERS LP)** <br> 2300 GLADES RD., STE 160W <br> BOCA RATON, FL 33431 |
| **REGENCY CENTERS CORPORATION** <br> ONE INDEPENDENT DRIVE, SUITE 114 <br> JACKSONVILLE, FL 32202-5019 | **BRIAN BAST OF BAST CHEVROLET, INC.** <br> P.O. BOX 1610 <br> SEAFORD, NY 11783 |
| **DIVERSIFIED COMPANIES** <br> 6300 NE 1ST AVENUE, STE. 100 <br> FT. LAUDERDALE, FL 33334 | **PR MERCATO, LLC** <br> 720 E. MARKET STREET, SUITE 115 <br> WEST CHESTER, PA 19382 |
| **DEVNULL OCOEE LLC** <br> C/O GRANDSTAFF COMMERCIAL MANAGEMENT, INC. <br> 4192 CONROY ROAD, SUITE 110 <br> ORLANDO, FL 32839 | **RRP PALM BEACH PROPERTY LIMITED PARTNERSHIP** <br> C/O WS ASSET MANAGEMENT, INC. <br> 33 BOYLSTON STREET SUITE 300 <br> CHESTNUT HILL, MA 02467 |
| **DDR SOUTHEAST FOUNTAINS, L.L.C.** <br> C/O DEVELOPERS DIVERSIFIED REALTY CORPORATION <br> 3300 ENTERPRISE PARKWAY <br> BEACHWOOD, OH 44122 | **SOUTHGATE MALL OWNER, L.L.C.** <br> 3501 S TAMIAMI TRAIL, SUITE 747 <br> SARASOTA, FL 34239 |
| **SPC REGENCY, L.L.C.** <br> 2440 SE FEDERAL HIGHWAY, SUITE 600 <br> STUART, FL 34994 | **THE VILLAGES OPERATING COMPANY** <br> 3619 KIESSEL ROAD <br> THE VILLAGES, FL 32163-0000 |
| **THE VILLAGES OPERATING COMPANY** <br> C/O THE VILLAGES COMMERCIAL PROPERTY MANAGEMENT <br> 940 LAKE SHORE DRIVE, SUITE 200 <br> THE VILLAGES, FL 32162 | **PALM BEACH OUTLETS I, LLC** <br> C/O NEW ENGLAND DEVELOPMENT <br> 75 PARK PLAZA, THIRD FLOOR <br> BOSTON, MA 02116 |

3

| **WRI WELLINGTON GREEN, LLC**<br>PO BOX 924133<br>HOUSTON, TX 77292-4133 | **WOODFIELD REGENCY, INC.**<br>C/O CBRE, INC. AS PROPERTY MANAGER<br>3998 FAU BOULEVARD SUITE 308<br>BOCA RATON, FL 33431 |
| --- | --- |

**<u>SERVICE VIA U.S. MAIL</u>**
INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

Douglas R. Gooding
Choate, Hall & Stewart, P.C.
Two International Pl
Boston, MA 02110

William H. Henrich
295 Madison Ave 20th Floor
New York, NY 10017

Jennifer D Raviele
101 Park Ave 27th Floor
New York, NY 10178

Michael W. Reining
Kelley Drye & Warren LLP
101 Park Avenue, 27th Floor
New York, NY 10178

4